Mrs. Lowell Schuster and John Schuster v. Joe Schuster, Nannie Mellor, Henry Schuster, Frank Schuster, Guy Schuster, Gus Schuster, Ben Schuster, Ada Stith, L. A. Esser, Lizzie I. Day, Elnor Carlos, Adam Esser, Joe B. Esser, Jr., Frank Sandrock, Minnie McKinsey, Evelyn Field, Fred Schuster, Margaret Hoffman, Annie Miller, Mary Lammers, Sophia Lammers, John Schuster, Leona Meyers, Christina Wittman, William Schuster, Grace Quinlin, Hubert Schuster, Nellie Lammers, Florence Lammers, Catherine Bock, Irene Schweitzer, Alice Schuster, Minor, Alma Schuster, Minor, Martha Schuster, Minor, Mrs. Leo Volmer, Leonard Schuster, Ralph Schuster, Christina Schuster, Roberta Schuster, Mary Helen Schuster, Minor, Margaret Schuster, Minor, Frank Schuster, Minor, Raymond Schuster, Minor, Effie Schuster, Minor, Rosaline Schuster, Minor, Richard Schuster, Minor, Isabell Schuster, Minor, Citizens Bank and Pilot Grove Bank, Corporations, Defendants, Gus Schuster, Citizens Bank and Pilot Grove Bank, Corporations, Appellants.—104 S. W. (2d) 353.

Division One, April 21, 1937.

*Pendleton & Martin* and *John H. Windsor* for appellants.

*A. W. Walker, Roy D. Williams* and *W. W. Carpenter, Jr.,* for respondents.

FERGUSON, C.—This is an appeal from an interlocutory judgment in an action for partition of lands situated in Cooper and Saline counties. Adam Schuster died, intestate, March 25, 1934. It is admitted that at the time of his death Schuster was the owner in fee of the lands described in the petition and the interlocutory judgment. His wife, Mrs. Lowell Schuster, survived him. It is further admitted that Schuster "left no lineal descendants." Within the period limited by Section 329, Revised Statutes 1929, the widow executed the declaration prescribed by that section electing "to take one-half of the real and personal estate belonging to Adam Schuster, my husband, at the time of his death, absolutely, subject to the payment of his debts." [Sec. 325, R. S. 1929.] Thereafter the widow, alleging that she was "entitled to an undivided one-half interest" in the real estate of which her husband died seized of title in fee, described in the petition, commenced this suit in partition, in the Circuit Court of Cooper County. It is admitted that, except the two defendant banks who held liens on the interests of certain heirs, the defendants therein comprised all the collateral heirs of the deceased, Adam Schuster, being his nieces, nephews and children of deceased nieces and nephews. It is also admitted that the original petition, and the amended petition, hereafter referred to, "correctly set forth the relationship of the parties, plaintiff and defendant," to the decedent. At the February Term, 1935, of the Cooper County Circuit Court an amended petition was filed naming the same parties defendants except John Schuster, a nephew of the deceased, Adam Schuster, one of the defendants in the original petition, who joined in the amended petition as a plaintiff. The interest of the widow, plaintiff Mrs. Lowell Schuster, was alleged, as in the original petition, to be an undivided one-half interest and that of plaintiff John Schuster to be an undivided 1/190th. Thereafter the cause went, on change of venue, to the Circuit Court of Howard County where it was tried. A number of the defendants made default but the two defendant banks and certain other defendants contested. They took the position, which appellants advance here, that, for the reasons hereafter stated and discussed, the widow's election

was void and ineffective so that she never, by virtue thereof, became entitled to an undivided one-half interest in fee in the lands, and that her interest therein was merely that of a doweress under sections 318, 321, and 322, Revised Statutes 1929, that is, that she was entitled to only "a one-third interest for life but not subject to debts;" that as such doweress she could not maintain a suit for partition against the owners of the fee; and that the filing of the amended petition in which one of the owners of the fee joined as a party plaintiff was "a departure and the substitution of an entirely new cause of action." The motions of the contesting defendants to strike the amended petition on the last-stated ground were overruled whereupon they filed answers preserving and presenting the issues stated. The trial court found the widow's election to be valid and effective, that she thereby became entitled to an undivided one-half interest in fee in all the real estate described in the petition, and entered a decree adjudging and defining the respective interests therein of the parties plaintiff and defendant and ordering the lands sold, etc. The defendants Gus Schuster, Joe Schuster, Citizens Bank and Pilot Grove Bank, appealed from the interlocutory judgment. Before submission here the appeal was dismissed on the part of defendant Joe Schuster.

We have heretofore stated, in a general way, appellants' contention and now undertake a statement or outline of the situation which occasions controversy. Section 325, Revised Statutes 1929, provides, that when, as is a conceded fact in this case, "the husband shall die without any child or other descendants in being, capable of inheriting, his widow shall be entitled: . . . to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of the husband's debts." Section 327, Revised Statutes 1929, of the same article (15, chap. 1) provides, that when "the husband shall die without a child or other descendant living, capable of inheriting, the widow shall have her election to take her dower, as provided in Section 318 (one-third interest for life), discharged of debts, or the provisions of Section 325 (supra), as therein provided." Section 329, Revised Statutes 1929, of the same article provides, "Whenever the widow is entitled to an election under the provisions of this article such election shall be made by declaration, in writing, acknowledged before some officer authorized to take the acknowledgment of deeds, and filed in the office of the clerk of the court in which letters testamentary or of administration shall have been granted, within twelve months after the first publication of the notice of granting of the same; and such declaration shall also be filed in the recorder's office of the county in which letters testamentary or of administration were granted within twelve months after the first publication of notice of granting of the same, otherwise she shall be endowed under the provisions of

the preceding sections of this article," that is, in this instance, would take "the third part" of all the lands described in the petition for life. [Sec. 318, and see, also, Secs. 321 and 322, R. S. 1929.] It is admitted; that the widow's written declaration of election "to take one-half of the real and personal estate belonging to Adam Schuster, my husband, at the time of his death, absolutely, subject to the payment of his debts," was "in due form;" that on April 27, 1934, she duly executed and "acknowledged" same "before an officer authorized to take acknowledgments of deeds;" and that thereafter on the same date, and within the time limited by Section 329, she filed the declaration and caused same to be entered of record "in the office of the clerk of the court in which letters of administration" had been granted on her husband's estate. Thus far appellants concede a strict compliance with the statute. Recurring now to Section 329, supra, it will be noted that having prescribed the procedure of election to this point, that is, the filing of the declaration in the office of the clerk of the probate court in which letters of administration had been granted, the statute then specifies, that "such declaration shall also be filed in the recorder's office of the county in which letters testamentary or of administration were granted." To meet this last provision of the statute the widow caused a correct and complete copy of the declaration and her acknowledgment thereof, on file in the office of the clerk of the probate court, wherein her husband's estate was in the course of administration, to be made and certified, as a "true copy," as same appeared of record in that office, by the judge of the probate court, under the seal of that court. This certified copy was then "filed and entered of record, within the time limited, in the recorder's office" of Cooper County, in which letters of administration had been granted. Appellants' whole contention is grounded upon the proposition that the filing of this certified copy in the recorder's office was not a sufficient compliance with the statutory procedure that "such declaration shall also be filed in the recorder's office," etc., and that therefore the election was wholly ineffective and the widow relegated to the interest of a doweress in the land, a one-third interest for life discharged of debts.

The election statute (Sec. 329, supra) is somewhat indefinite. Seemingly it contemplates as sufficient a single declaration, in writing, acknowledged as therein required. It does not specify that such declaration be executed and acknowledged in duplicate and one copy filed in the office of the clerk of the probate court and the other in the recorder's office. It does not specifically require such declaration to be recorded in either office but in both instances reads "filed" though perhaps the implication follows that a filing for record was intended. However the wording is noticeable in view of the fact that a former statute relating to election by a widow to

take a child's part and requiring the declaration to be "filed for record in the office of the recorder of the county," etc. (last appearing in Session Acts 1917, p. 108), was repealed in 1919 (Session Acts, 1919, pp. 98, 104), and the procedure now prescribed by this Section 329 for any election by a widow under Article 15, Chapter 1, enacted. As observed this new section does not read "filed for record" but merely "filed." It might be reasoned that some significance should be accorded that omission when we recall that the statute (Sec. 548, R. S. 1929) specifically requires that "where lands are devised by will, a copy of such will shall be recorded in the recorder's office in the county where the land is situated, and if the lands are situated in different counties, then a copy of such will shall be recorded in the recorder's office in each county within six months after probate." This prompts the further observation that the election statute here involved does not specify that "such declaration . . . be filed in the recorder's office of the county," or the different counties, where the lands of which decedent died seized are situated, but merely "in the recorder's office of the county in which letters testamentary or administration were granted."

Appellants say that compliance with the last provision of the election statute required that the original declaration be filed and recorded in the recorder's office and that the filing and recording of the certified copy did not comply with the statute and was of no effect. As supporting their contention they point to various statutory provisions found in Article 1, Chapter 22, Revised Statutes 1929, relating to conveyances of real estate and specifically Sections 3039 and 3040 thereof. Section 3039 reads: "Every instrument in writing that conveys any real estate, or whereby any real estate may be affected, in law or equity, proved or acknowledged and certified in the manner hereinbefore prescribed, shall be recorded in the office of the recorder of the county in which such real estate is situated," and Section 3040 provides, that "Every such instrument . . . shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof and all subsequent purchasers . . . shall be deemed, in law of equity, to purchase with notice." These statutes relate to the recording, in the office of the recorder of deeds of the county wherein the land affected is situated, of conveyances and other instruments in writing affecting real estate and making same constructive notice of the contents of such instruments. They are not exclusive or all inclusive to the extent that the specific provision of this election statute, that "such declaration shall also be filed in the recorder's office of the county in which letters testamentary or of administration were granted," is affected thereby. This statute embraces the whole procedure of a widow's election. It is the method by which she evidences here election. It is complete within itself. By compliance

therewith the election is consummated and effected. We have held that such a statute should be liberally construed so as "to further" its "kindly purposes" and that a substantial compliance therewith suffices. "It has been aptly said that the part taken by the widow under her right of election is her 'election dower,' i. e., her dower from choice, as distinguished from her dower without choice. (Citing cases.) And, as said, we see no reason why the grace and favor of extremely liberal construction indulged in aid of common-law dower, may not be indulged in aid of election dower; nor why an illiberal and sour construction should be invoked to defeat the latter any more than the former. The law favoreth life, liberty and dower. . . . And election dower may well repose in the bosom of this friendly maxim." [Keeney v. McVoy, 206 Mo. 42, 55, 103 S. W. 946, 949.]

Appellants themselves are not clear, in view of the indefiniteness of the statute, which we first pointed out, as to the proper manner in which this last provision of the statute should be met. Assuming, as they do, that the language, "such declaration shall also be filed in the recorder's office," etc., means it shall be both filed and recorder there, appellants suggest three ways of complying therewith, either of which, they say, would be a substantial compliance with the statute; (1) that the widow execute and acknowledge the declaration in duplicate "file one copy in the probate court and one in the recorder's office for recording;" (2) execute and acknowledge one declaration—"first record it in the recorder's office and then file in the probate court;" (3) execute and acknowledge one declaration—"file it first in the probate court" and, after the filing is endorsed thereon, obtain permission of that court to withdraw it, then file in the recorder's office for record and after it is recorded then return to the files of the probate court. We are inclined to agree with appellants that either of the suggested methods should be deemed a substantial compliance with the statute. But we also think that in this instance the filing and recording in the recorder's office of a full, correct and complete copy of the declaration and the acknowledgment thereof. therefore filed in the probate court, proved and certified by the judge of that court, under the seal of the court, was a substantial compliance with the statute. If the various steps are followed in the order enumerated in the statute the declaration would first be filed in the probate court (we are not holding it necessarily should be) in which the administration is pending and thereupon become a file of that court and when thereafter, in attempting to meet the requirement that "such declaration . . . also be filed in the recorder's office," a full and correct copy, proved and certified as in this case, is filed and recorded in the recorder's office, the purpose of the statute considered and a liberal construction accorded, we think such would be a substantial compliance. If

it be thought necessary to support the eligibility of such instrument for record by the recordation statutes we are inclined to think, in view of the course pursued, it would come within the purview of Section 11543, Revised Statutes 1929, which provides, that "It shall be the duty of recorders to record: First, all deeds, mortgages . . . or other instruments of writing, of or concerning lands and tenements . . . which shall be proved or acknowledged according to law and authorized to be recorded in their offices. . . ."

Our conclusion is that the trial court was correct in finding the election was effective and that the widow thereby became the owner in fee of an undivided one-half interest in the described lands. It is admitted that "the personal property belonging to the estate . . . is more than sufficient to satisfy all debts against the estate" and that the lands could not be divided in kind. ▌ The conclusion stated also disposes of the appellants' contention that the widow, the sole plaintiff in the original petition, was a mere doweress, with no interest in the fee, and could not maintain suit for partition against the owners of the fee, and that the amended petition, wherein one of the owners in the fee joined as a plaintiff with the widow, was a departure and the substitution of a new cause of action.

The interlocutory judgment entered by the trial court is affirmed and the cause remanded for further proceedings in that court pursuant to and in conformity therewith. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur, except *Douglas, J.,* not voting because not a member of the court when cause was submitted.